IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAFAEL SAUCEDA and
LEON MARTINEZ,

      Plaintiffs,

vs.                                              Civ. No. 25-1082 KK/SCY

STEPHEN CARL MANSKE,

      Defendants.

## ORDER TO FILE RULE 7.1 NOTICES

This matter comes before the Court sua sponte, following its review of the Notice of Removal. Doc. 1. Defendant removed this action to federal court citing diversity jurisdiction. *Id.* ¶ 6. The Notice of Removal alleges that "Defendant resides in Texas and Plaintiffs reside[] in New Mexico." *Id.* Residency is not equivalent to citizenship. *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Citizenship, or domicile, exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

The Court notes that Rule 7.1 requires every party to file a disclosure statement as to its own citizenship. *See* Fed. R. Civ. P. 7.1(a)(2) ("In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: when the action is filed in or removed to federal court."); *see also id.* Committee Notes - 2022 Amendment ("The disclosure does not relieve a party that asserts diversity jurisdiction from the Rule 8(a)(1) obligation to plead the grounds for jurisdiction, but is designed to facilitate an early

and accurate determination of jurisdiction."). In keeping with this intent, the Court orders all parties to file a Rule 7.1 notice stating that party's citizenship—not residency—by Monday, December 15, 2025.

      **SO ORDERED**.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE